IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROGER MARTINEZ ARGUETA,
    *Petitioner*,

v.

KRISTI NOEM, *et al.*,
    *Respondents*.

1:25-cv-01842-MSN-IDD

## ORDER

Petitioner Roger Martinez Argueta ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner argues that the Department of Homeland Security's ("DHS") classification of his detention under 28 U.S.C. § 1225 to prevent his release after an Immigration Judge ("IJ") ordered him released on bond violates his right to substantive and procedural due process and violates the Immigration and Nationality Act ("INA") (Counts Four, Five, and Six). He further argues that DHS's invocation of the automatic stay of his release on bond pursuant to 8 C.F.R. § 1003.19(i)(2) violates his right to substantive and procedural due process and violates the INA (Counts One, Two, and Three).

Petitioner is currently detained at the Farmville Detention Center, an immigration detention facility within this Court's jurisdiction. He has sued Jeffery Crawford, the warden of that facility. He has also sued Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and Russell Hott, the Field Office Director of the Washington Field Office of ICE's Enforcement and Removal Operations (collectively, the "Federal Respondents"). The Federal Respondents have

opposed the Petition. ECF 7. For the reasons that follow, the Court will grant the Petition as to Counts Four and Five.[1]

## I. BACKGROUND

Petitioner is a native and citizen of Honduras who entered the United States without inspection around 1999. ECF 1 ¶¶ 18, 26. Prior to his detention, he lived in Roanoke, Virginia with his wife and three U.S. citizen children. *Id.* at ¶ 26. On July 5, 2025, ICE Enforcement and Removal ("ERO") officers detained Petitioner and placed him in custody at the Farmville Detention Center. ECF 7–1 ¶ 6. On July 6, 2025, DHS issued Petitioner a Notice to Appear, charging him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at ¶ 7. Petitioner filed a motion for custody redetermination with the Immigration Court and on July 21, 2025, an IJ determined that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and granted him bond of $1,500.[2] ECF 1–1; ECF 7–1 ¶¶ 8–9. That same day, ICE filed a Form EOIR-43, Notice of Intent to Appeal Custody Redetermination, automatically staying the IJ's bond order pursuant to 8 C.F.R. § 1003.19(i)(2). ECF 7–1 ¶ 10. ICE perfected the form by filing a Notice of Appeal on July 31, 2025, 2025. *Id.* at ¶ 12. On September 26, 2025, the Board of Immigration Appeals sustained ICE's appeal and reversed the IJ's bond award, concluding that the IJ lacked jurisdiction to consider Petitioner's request for bond as a result of the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). ECF 7–1 ¶ 12.

---

[1] Because the Court grants relief on Petitioner's due process claims, it need not address Petitioner's claims under the INA (Count Three and Six). The Court also declines to address Petitioner's claims that the invocation of the automatic stay of his release pursuant to 8 C.F.R. § 1003.19(i)(2), violates his right to due process as the automatic stay no longer governs Petitioner's detention. The record indicates that, as of September 26, 2025, the Board of Immigration Appeals sustained DHS's appeal of Petitioner's release on bond and reversed the IJ's grant of bond pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), concluding that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A). *See* ECF 7–1 at ¶ 12.

[2] A bond of $1,500 is the minimum amount permitted by statute. *See* 8 U.S.C. § 1226(a)(2)(A).

## II. ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. Federal Respondents "recognize that this Court and other jurists of this Court have recently rejected Federal Respondents' arguments" that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 7 at 3; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *1 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." ECF 7 at 4.

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. ECF 7 at 9–19. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.* at 9–11.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly twenty-six years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before IJ, in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).

Here, the IJ has already made such a determination. The IJ concluded that Petitioner does not pose a danger to the community or a risk of flight and is therefore entitled to release on bond. ECF 1–4. For many of the reasons explained in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, Petitioner's continued detention violates his right to due process.

### III. CONCLUSION

For the reasons stated above, the Petition will be GRANTED as to Counts Four and Five, and it is hereby

ORDERED that Petitioner be released from custody no later than 3:00 pm on Wednesday, November 12, 2025, with all his personal property, once he has posted the $1,500 bond set by the Immigration Judge; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law; has failed to attend any properly noticed immigration or court hearing; or has received a final order of removal; and it is further

ORDERED that Federal Respondents file a notice with the Court confirming Petitioner's release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of the Order and accompanying Memorandum Opinion to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

November 12, 2025
Alexandria, Virginia